UNTEREINER v. FEDERAL FURNITURE STORE, ET AL.

(July 1, 1931. Opinion and Decree.)

Geo. J. Untereiner, of New Orleans, attorney for plaintiff, appellee.

A. Melville Wolfson, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. Plaintiff is the owner of the premises bearing municipal number 1631 Seventh street. Miss Marie Delery leased these premises for a term of two years commencing October 1, 1928. The other two defendants, to-wit, Richard Perloff and Maurice Cohen, compose a partnership known as Federal Furniture Store. Miss Delery had purchased from Perloff and Cohen furniture for the price of approximately $300, and this furniture had been installed in the leased premises. About one year prior to the events complained of by plaintiff, Miss Delery had found it impossible to make payments on a portion of the furniture and had prevailed upon the vendors thereof to take that particular furniture back, which they had done. On August 13, 1929, Miss Delery had again called on Messrs. Perloff and Cohen and prevailed upon them to take back the balance of the furniture, inasmuch as she was unable to make the payments due thereon. Shortly thereafter plaintiff instituted provisional seizure proceedings against Miss Delery for rent which was past due and which was to become due and, in that suit, by rule, called upon Messrs. Perloff and Cohen to point out the furniture which they had removed.

Plaintiff in that suit has never seen fit to set down the rule for trial, but, instead of doing so, has instituted this action, which is a suit for damages, against Miss Delery and the other two defendants based on a charge of conspiracy; it being alleged that the three defendants conspired together to hide the furniture and defeat plaintiff's lien.

The record utterly fails to show any conspiracy, and all that appears is that the other two defendants, Perloff and Cohen, to whom the third defendant, Miss Delery, was indebted, found it advisable to permit her to deliver back to them the furniture for which she had been unable to pay. There was nothing unlawful in their permitting her to do this. Brierre v. Ricehulling Mfg. et al., 6 Orl. App. 142. It appears to us that if plaintiff has any rights against Messrs. Perloff and Cohen, they should be asserted under the rule which she has taken against them in the provisional seizure suit, and that in that rule she should call upon them to point out the furniture which she claims is subject to her lien. It is certain that she has made out no case against them in this suit.

The court below rendered judgment against Messrs. Perloff and Cohen for $125.75, with interest, etc., and also against Miss Delery. Inasmuch as no conspiracy has been shown, we believe that the entire judgment should be reversed and that plaintiff's rights against all defendants should be asserted in the provisional seizure suit to which we have referred.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that this suit be dismissed at the cost of plaintiff, but with reservation of plaintiff's rights to proceed in the matter entitled "Katherine B. Untereiner v. Marie Delery," No. 182,444 of the docket of the Civil District Court for the parish of Orleans.

JANVIER, J., takes no part.